In The United States District Court

for the Eastern District of Pennsylvania

Kenyatta White, Jr
  Plaintiff

        v.

City of Philadelphia,
warden michelle farrell, et al.

:        Civil Action
:
:    No. 21-cv-2688
:
:    memorandum of Law
:    Legal Argument
:
:
:
:

The Plaintiff Kenyatta white Jr Pro Se  Pursuant to

Rule    of the Federal rules on Civil Procedure  Comes

with this Legal memorandum of Law pertaining to the

Current Civil action against mentioned defendants  and

Supports the following:

Plaintiff Kenyatta white Jr, Pro Se avers that this
  memorandum of Law is based on all Facts  and true
  incidents that occured  while he was a Pre-trial detainee
within the Philadelphia department of Prisons, County Jail
(Picc) Philadelphia industrial Correctional Center.

1

On or about July 2nd 2020  at approximately 8:00am Plaintiff Kenyatta White Jr was arrested in the Kensington section of Philadelphia, for allege aggravated assault, and Firearm charges.

On July 3rd 2020 bail was set at $1.5 million and Plaintiff was transported to (C.F.C.F) Curran Fromhold Correctional Facility which is one of the Philadelphia department of Prisons Jails where Plaintiff remained incarcerated for 2½ years.

The (PDP) is a Philadelphia entity ran by the city of Philadelphia, all rules and regulations are governed by the city of Philadelphia.

Upon Plaintiff's arrival to (CFCF) the PDP Prison conditions were unsafe, inhumane, and unconstitutional.

Plaintiff remained at CFCF until he was transfered to (PICC) Ph on 8/21/20.

2

Plaintiff was housed at (PICC) on H-1 unit and on october 10, 2020 during the 3 to 11pm shift, Plaintiff engaged into a verbal argument with the assigned unit officer over the phone plaintiff was using being turned off, the unit officer yelled for plaintiff to go to his cell at that moment plaintiff and another inmate exchanged words and plaintiff was written up and put in his cell.

The unit officer (Halstead) wrote a false report stating plaintiff brandished a home made weapon and chased an inmate around the unit.

On October 11, 2020 plaintiff's cell was searched and no weapon was recovered, Plaintiff was then taken to the (RHU) and placed on punitive status. Plaintiff was not given written notice, nor was any type of disciplinary hearing conducted.

Plaintiff Avers (PICC)'s administrative staff has violated his due process of law rights to the 14th amendment to the united states constitution, 1) by not giving him written notice 24hr in advance of why he was being placed on the (RHU) and, 2).

3

not conducting a disciplinary hearing allowing him to present or contest evidence against the allegations against him, or allowing him to present witnesses or evidence to challenge these allegations on the misconduct report.

Plaintiff cell and person was searched prior to being taken to the (RHU) and no weapons was found nor was any evidence provided showing Plaintiff possessed a weapon.

Plaintiff was not present during his allege hearing that was conducted without Plaintiff being present and was found guilty for a weapon charge when no weapon was ever found.

This false misconduct report caused Plaintiff to be unlawfully housed on the (RHU) for a total term of 2 years and within 2 years of being house on the (RHU) Plaintiff never attended any disciplinary hearing or any administrative hearing.

Plaintiff was stuck on the (RHU), the only legal way to get off of the (RHU) is for a major or captain officer to sign you out of the (RHU) but you must attend a disciplinary hearing / administrative hearing which Plaintiff never got a hearing due to retaliation.

(PICC) staff stated they were not conducting hearings due to the Covid-19 pandemic and staff shortages which went on for the 2 years Plaintiff remained on the (RHU).

Plaintiff being housed on the (RHU) as punitive segregation status pending investigation for a weapon charge when no weapon was found and then denied access to a disciplinary hearing, due to Covid-19 restrictions and staff shortages but found guilty for a weapon charge when no weapon was found then placed on administrative segregation status, when Plaintiff never attended no hearings or got any chance to contest the false misconduct report violated Plaintiff's due process rights to the 14th amendment to the united states constitution.

Wolf v. McDonnell, 418 U.S. 539, 564-570, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Court spelled out the minimum procedural protections that the due process clause requires when substantial liberty interests are being deprived in the prison setting. "First written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshall the facts and prepare a defense". Second "at least a brief period of time after, the notice, no less than 25hr, should be Allowed the inmate to prepare for the appearance before the adjustment committee". Third " there must be written statement by the fact finders as to the evidence relied on and reasons for the disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.

Due to the Covid-19 global pandemic Philadelphia County Prison (PICC) living conditions were unsafe, inhumane, and unconstitutional. The Jails worst unit's were the (RHU)'s which are F-1 unit, G-unit, and I-unit, Plaintiff spent 2 years on the (RHU) and was housed and transfered to all 3 unit's at some point during the 2 years spent on the (RHU's).

Plaintiff sustained very harsh treatment and inhuman living conditions while on the (RHU). Plaintiff remained locked in his cell with no out of cell time for very long and unconstitutional time periods, on 3 occausins Plaintiff spent more than 60 days locked in his cell with no out of cell time, no shower no phone calls, no access to Law Library, no year yard, no commissary, and this was due to 3 false misconduct reports: Plaintiff spent from October 11, 2020 to January 15, 2021 with no out of cell time, from January 20, 2021 to march 21, 2021, and from May 15, 2021 to July 20, 2021 with no out of cell time or any disciplinary hearings. total term of 6 months with no out of cell time and no hearings.

Plaintiff was subjected to continuous unlawful cell lock downs, denied legal due process by not receiving disciplinary hearings, for the false retaliatory misconduct reports which lead Plaintiff to be unlawfully housed on the (RHU) for a unlawful term of 2 years.

Plaintiff has filed multipul greivances, dispositions appeals, complaints to the warden and administrative staff, and Plaintiff did not receive no type of relief nor was any legal remedy granted.

Plaintiff was denied all legal due process, and all defendant's deliberately continued to harrass and keep Plaintiff locked on the (RHU).

Plaintiff decided to contact the Pennsylvania Institutional Law Project which represented inmates against the "City of Philadelphia" in the case Remick v. the city of Philadelphia, Plaintiff wrote several letters and gave a legal declaration in that case to attorney "grace harris" and attorney grace harris contacted Plaintiff via legal calls and video visit to discuss the issues Plaintiff was complaining about.

The only time Plaintiff got outta cell time was when attorney grace harris and other attorney's from the pennsylvania institutional law project scheduled a visit to speak to him.

Plaintiff was subjected to more cruel treatment and cell lockdowns for giving a written declaration in the Remick v. City of Philadelphia case.

On Friday January 15th 2021 during the 3 to 11pm shift Plaintiff engaged into a verbal argument with F-1 unit assigned officer Raddal which is a defendant. Plaintiff asked defendant C/o Raddal to contact a higher ranked officer due to Plaintiff being locked in his cell as a punitive status inmate for over 60 days with no out of cell, nor a shower and defendant officer got angry and stated he not calling anyone and you not coming out of your cell, Plaintiff than Just waitted at his cell door for about an hour then defendant officer Raddal along with 2 other officers and 2 SGt's both came to Plaintiff's cell.

Defendant C/o Raddad then opened plaintiff's door, ran in and slammed plaintiff against the wall handcuffed him then punched plaintiff in his face, Plaintiff's Cell mate was also handcuffed they were both placed out side their cell which was 45 cell F-1 unit and defendant C/o Raddad then conducted a Cell Search and after a few minutes defendant C/o Raddad came out of Plaintiff's cell ~~cell~~ with a broken cell phone and stated it was plaintiff's Cell phone.

Defendant officer Raddad planted that broken cell phone in plaintiff's cell and falsely filed a misconduct report, ~~that~~ plaintiff never received a copy of any written notice nor was he giving any disciplinary hearing to contest this false misconduct report.

Defendant C/o Raddad is known for smuggling illegal narcotics into (PICC), cell phones, and even weapons such as Pocket knives, recently defendant C/o Raddad was terminated from employment for smuggling contraband into the prison.

Plaintiff Avers defendant C/o Raddad planted the broken cell phone in his cell for purposes of disciplinary actions and stated to plaintiff "now you will rot in the hole for talking shit to me".

Plaintiff Avers he did not have a cell phone nor did he have any access to a cell phone or any type of contraband, Plaintiff has no prior contraband charges or misconduct reports on his prison record pertaining to cell phones or drugs.

Plaintiff several grievances pertaining to defendant planting the broken cell phone in his cell and no one ever answered his grievances nor was any hearing held.

Plaintiff was not giving a hearing nor any written notice of the misconduct report but was found guilty and was sentenced to 60 days punitive time followed by administration segregation for the false misconduct report, an appeal was filed but Plaintiff received no answer.

On or about February 2nd 2021 Plaintiff was waken up out of his sleep at 3:00am and was taken to Philadelphia's northeast Detective division 2nd and 15th Police district and was criminally charged for contraband (Broken cell phone) that defendant planted in his cell.

Plaintiff remained locked in his cell as a punitive status inmate for 7 months with no out of cell time, and never received any written notice of his misconducts nor did he receive any type of disciplinary hearing.

Plaintiff remained punitive status from October 11, 2020 to may 15, 2021 which is unlawful and against the Prison rules on disciplinary actions and sentences.

After 60 days of punitive status inmates are entitled to all the same privileges as inmates that are administrative segregation, which is 1 hour out of cell time each day, Phone calls, showers, commissary, yard time, visits, Plaintiff was denied all his rights and privileges due to Plaintiff filing greivances and challenging the corruption going on in (Picc).

Plaintiff filed numerous greivances, disciplinary appeals for dispositions and all correspondence were ignored and never answered.

The administrative staff at picc stated they cannot conduct hearings due to staff shortages and the covid-19 restrictions which doe's not legally give them the power to disregard inmates constitutional rights.

On may 5th 2021 after plaintiff and his cell mate remained locked in their cell for 60 days, Plaintiff requested the assigned F-1 unit officer c/o Brubaker to contact a higher official such as a Lt. or SGt. due to plaintiff seeking to take a shower.

While unit officers were passing out the evening diner food trays at approximately 3:55pm Plaintiff stepped out of his cell and requested a higher ranked officer be called to come speak to Plaintiff because Plaintiff wanted to know why he continues to be mistreated and locked in a cell on the RHU with no out of cell time, or a shower.

Plaintiff engaged into a verbal argument with C/o Brubaker, C/o Brubaker then pulled out his mace canister threatened to spray Plaintiff and yelled racial slurs and demaned Plaintiff enter back into his cell, Plaintiff then entered his cell without futher incident.

I hour later around 4:45pm several SGt.'s and Lt.'s came to Plaintiff's cell demaned he pack all his belongings and transfered Plaintiff to J-unit which is another (RHU) but for single cells.

On or around July 20, 2021 after being confined to a cell on J-unit for 45 days with no hearing or out of cell time Plaintiff was forced to wake up at 3:00am and sent to the Philadelphia northeast detectives 2nd and 15th Police district and was re-charged for another false misconduct report assault on staff (C/o Brubaker) which was later dismissed in court.

Plaintiff was falsely criminally recharged for 2 misconduct reports and both criminal cases were dismissed.

Plaintiff's due process rights were violated and prison officials denied Plaintiff all legal remedies, by not conducting disciplinary hearings nor answering every greivance or appeal Plaintiff filed.

Plaintiff was unlawfully housed on the (RHU) for false misconduct reports from October 10, 2020 to January 21, 2022 and was denied his legal rights to written notices 24 hours in advance and his rights to be present at his hearings and to present evidence in his behalf.

Plaintiff has spent from october 10, 2020 to January 21, 2022 in punitive and administrative segregation status on the RHU and has since been denied his legal due process rights protected by the 14th amendment to the United States Constitution.

Plaintiff was denied the basic requirements of due process in the context of prison discipline proceedings, prison officials must provide an inmate with, 1) a written notice of the charge atleast 24 hours prior to any hearings, 2) an opportunity to call witnesses and present documentary evidence in his defense when such actions will not be unduly hazardous to institutional safety or correctional goals, 3) a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action.

4). an impartial fact finder, 6) to be present at each hearing, (Wolff v. McDonnell, 418 U.S. 539, 565-66, 94 S. Ct. 2963, 41 L.Ed. 2d 935 (1974).

The court stated that disciplinary by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law, limited when federal due process applies to disciplinary "guilty" findings. An inmate has a liberty interest entitled to protection when change occurs in confinement that imposes an "atypical and significant hardship... In relation to the ordinary incidents of prison life, and "the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. (Sandin v. Conner, 515 U.S 472, 485-87, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995):

memorandum of Law pertaining to the
Supplemental Complaint/retaliation Claims.


On July 16 2021 Plaintiff filed his original complaint
once his complaint was filed and accepted and
defendant's were served plaintiff was subjected to
retaliation in which he was assaulted by staff,
harrassed, and subjected to cell lock downs with no out of
cell time for long periods of time, all actions by
defendants were unlawful and with malice and ill
intentions.

on or around                      during the 3 to 11pm shift
I plaintiff was housed on J-unit which is the RHU,
at approximately 8:30pm defendant officer Raddad along
with defendant Sgt. Leca both came to Plaintiff's cell
(3 cell) opened the door and rushed in slammed Plaintiff
against the wall handcuffed him then ran sacked his entire
cell throwing all plaintiff's legal paperwork all over the floor
then took plaintiff off the unit into a small room uncuffed
him then demanded Plaintiff to strip search made him
Squat, cough, and open up his "butt cheeks" and then demanded

he open his mouth with his hands, then defendant Sgt. Leca stated "this is what happens when you try to file law suits on my warden, your stay here will be very hard if you keep filing paperwork against staff here at (PICC).

After this encounter Plaintiff has been subjected to non-stop mistreatment, harrassment, continuous cell lock downs with no out of cell time for unlawful periods of time.

Plaintiff continued to file greivances complaining about the cruel treatment and unconstitutional cell lock downs and no one ever answered any of his complaints.

On October   2021 between 3:30 to 5:45 pm Plaintiff was locked in his cell (3 cell) on J-unit when he requested for the unit officer to contact a Sgt. or Lt. officer so he could complain about him being locked in his cell for over 21 days with no shower, at that moment inmate's from J-unit's top tier started to flood and throw fecal matter out of their cells into the flood water due to the entire unit being flooded and locked in their cells.

inmates Food slots were open due to the unit Officer passing out dinner trays.

within 30 minutes the entire unit was Flood water was falling over the tier like a "water Fall" this was dirty toilet water with Fecal matter in it.

Plaintiff's entire cell was flooded with water, his paperwork, Sneakers, and clothing was damaged, so Plaintiff asked for a broom and cleaning supplies which he was denied access to receive.

The only availible staff in the prison was defendant SGt. Leca, defendant Lt. golden-devoe, and defendant Cert officer roundtree, they came onto the unit did a tour starting with Plaintiff's cell demanding Plaintiff close his Food slot. (J-unit 3 cell)

Plaintiff asked can he please get the broom to get the dirty water out of his cell, defendant leca stated "Fuck no you rat" and demanding Plaintiff close his Food slot, Plaintiff was talking with his Face near the Food slot when both defendent's Sprayed Plaintiff in his

Face and on his penis area through the food slot Plaintiff then stepped back and both defendant's continued to spray Plaintiff then shut the food Slot Plaintiff could not see at this point nor breathe Plaintiff began to yell and ask to be taken to medical.

Plaintiff was denied medical attention by defendant's and remained locked in his cell for 3 days after he was sprayed with no medical attention, no shower, and with his cell full of sewage water.

Plaintiff had to put his face in the toilet in order to Stop the burn and clean the mace off, his face due to the prisons sink not having enough pressure to wash the mace off his face, Plaintiff then had to strip naked and scoop toilet water out of the toilet with his cup and pour it all over his penis and genitial areas to wash the mace off of his private area.

Plaintiff never being sprayed in his face and penis area along with defendants spraying more mace into his cell was pure tourture the pain Plaintiff endured was unexplainable Plaintiff,

Was unable to breathe his eyes and face were burning very bad and he remained locked in his cell for 3 days and was denied medical attention, and locked in a cell for multiple days with a cell full of sewage water.

defendant Lt golden-devoe came to J-unit and stated no one send that pussy to medical he continues to file paperwork against the warden, all defendants sat out front of plaintiff's cell and were laughing due to plaintiff yelling for help.

The actions of defendant's were unlawful and for the sole purpose to retailiate and torture plaintiff, plaintiff should have been taken to medical, the proper procedure when an inmate is sprayed with mace is to immediately transport the sprayed inmate to medical for decontamination which in this case defendant Sgt. Leca wanted plaintiff to suffer for filing paperwork against him and the warden.

On or about October 13, 2021 inmates on J-unit started a riot from their cells, the entire unit remained flooded for 7 days with sewage water, inmates were denied their food, and no officers entered the unit for several days and during this riot Plaintiff was not involved but endured all the cruel treatment and punishment for actions of other inmates.

On October 15, 2021 inmates started a fire in which someone lite a matteress on fire and threw it out of their cell which caused the entire unit to be filled with smoke, defendant C/O Gibson came onto the unit with a fire exstinguster and started to spray out the fire then came to plaintiff's cell and stated Plaintiff is the cause to all this due to inmates getting hype over what defendant rountree and leca did to you.

defendant deputy warden letter, came onto the unit after another fire was set and the entire unit was full of smoke so inmates could not breathe, so many inmates broke their windows,

Defendant, deputy warden Vetter then ordered for officers to spray mace in every cell that broke their window, Plaintiff was then sprayed again but this time he really could not breathe due to the block being full of smoke cause of the fire and due to the fire exstingushers, and now Plaintiff breaks his window due to him not being able to breathe and now he is sprayed not taken to medical again, and can't see or breathe.

Plaintiff along with other inmates were locked in their cells for hours during a fire on the unit and having to breathe fire smoke, fire exstingusher dust, and mace all at once. Fire marshals were called to come put out a fire that burned for over 2 hours and inmates were left on the unit in their cells, this incident occured on October 15, 2021 between october 17, 2021.

After the marshalls put out the fire inmates were then finally handcuffed and taken outside to the recreation yard.

Plaintiff Avers this treatment was cruel and inhumane, illegal, and unconstitutional.

Plaintiff was then moved to E-unit another (RHU) at (Picc) and was given another misconduct for braking his cell window which was later dismissed due to the smoke on the unit and plaintiff being sprayed.

Plaintiff has been subjected to retailiation for exericising his legal rights by filing prison greivances and filing civil suits against the warden defendant farrell.

The administrative staff at picc had no legal basis to show cause on why Plaintiff spent over 24 months on the (RHU) for false misconducts and was denied his legal due process rights to disciplinary hearings to contest all allegations against him which unlawfully

Kept him on the RHU for unlawful amount of time eduring cruel treatment and unconstitutional Punishment. For filing a civil complaint against defendant warden michelle farreal.

Baltoski v. Pretorius, 291 F. Supp. 2d 807 (N.D. ind. 2003): To state a 42 U.S.C § 1983 claim for retailiatory treatment, a Prisoner complaint against prison officials need only allege a chronology of events from which retaliation may be inferred.

(Barnett v. Centoni), 31 F. 3d 813, 816 (9th Cir. 1994): A Prisoner Suing prison officials under section 42 U.S.C 1983 for retailiation must allege that he was retailiated against and the retailitory action must not advance legitimate penological goals, such as Preserving institutional order and discipline.

Booker v. South Carolina, Dept of Corrections, 855 F.3d 533 (4th Cir. 2017). It is "well established" in this circuit that a "public offical may not misuse his power to retailiate against an individual for the exercise of a valid constitutional right". Thus "if an inmate exercises his First amendment right when he files a prison greivance, retaliation against him for doing so is unconstitutional. As such prison officials were not entitled to a defense of qualified immunity.

Defendant, city of Philadelphia should also be held civilly liable and accountable for the actions of the persons employed by the city and for the neglience of the city of Philadelphia by not enforcing rules and regulations that protects inmates constitutional rights while house in the city run prisons.

Defendant, city of Philadelphia had first hand knowledge of all the unconstitutional actions and violations committed by prison officials, and city officials knew Philadelphia prison conditions were unsafe, inhumane, and unconstitutional and yet no immediate actions were taken to improve conditions or restore safety and

Lawlessness.

All defendants herein are civilly liable for their unconstitutional actions against plaintiff.

Plaintiff was denied all his basic civil rights and liberties while in the city's custody as a pre-trial detainee.

The conditions in which plaintiff was subjected to endure caused plaintiff severe pain and suffering, emotional distress, depression, anixiety, he also began to have nightmares, and frequent suicidal thoughts.

The actions and retailiation against plaintiff were delibrately inflicted as a way to illegally punish plaintiff for legally exercising his constitutional First amendment rights by filing greivances and a civil complaint after no legal remedies were granted during the administrative greivance process.

Plaintiff was housed in the worst prison ran by Philadelphia which is (PICC) Philadelphia institutional correctional center, PICC is known to be unsafe, understaffed, full of illegal narcotics and cell phones, that currupt officers

in that a prisoner officials act or omission must result in the denial of the minimal civilized measure of life's nessessities. Second, which follows from the prihiciple that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is that a prison official must have a sufficiently culpable state of mind, and that the state of mind is one of delibrate indifference to the inmates health or safety.

smuggle into the Jail, Pick officers do not follow Prison rules or regulations when it comes to inmates treatment.

Plaintiff hereby avers all defendants violated his rights and with malice deliberately retaliated against him for filing a civil suit. all cases herein are enlisted as references for Plaintiffs claims.

Smith v. Sullivan, 611 F.2d 1039 (5th cir. 1980): where constitutional deprivations are established, within specific instances or by the totality of conditions within a prison, the federal courts may, and must, if the issue is appropriately presented, intervene. The perpetuation of unconstitutional conditions of confinement cannot be excused by inadequate funding or by an allegedly contrary duty or state law.

Walker v. Johnson, 488 F. Supp. 2d (E.D. va. 2006): to state an Eighth Amendment claim addressing "conditions of confinement" under 42 U.S.C Section 1983, a prisoner must satisfy two prongs. First, the deprivation alleged must be, objectively, sufficiently serious,

Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): The Court held that "After incarceration, only the unnecessary and wanton infliction of pain... constitutes cruel and unusual punishment forbidden by the Eighth Amendment."

Wilson v. Seiter, 501 U.S. 294, 303-04, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991): The Court held that a prisoner can bring an Eighth Amendment claim by applying the deliberate indifference standard to a condition of confinement that denies an obvious human need, such as food, warmth, or exercise, and proving that a prison official was deliberately indifferent to that "identifiable human need."

Madyun v. Thompson, 657 F.2d 868 (7th Cir. 1981): Inmates are entitled to an environment that does not threaten their mental and physical well-being.

Jordan v. Garner, 986 F.2d 1521, 1528 (9th Cir. 1993): In order to meet the wantonness standard in a conditions of confinement case, the inmate must show

that the prison officials were deliberately indifferent to his suffering.

Plaintiff hereby request this honorable court to rule in his favor against the mentioned defendants for all the constitutional violations being held against them..

I, Plaintiff Kenyatta White Jr, hereby verify that the foregoing is true to the best of my knowledge.

Kenyatta White Jr.

QP4257

5-4-23

# Certificate of Service

Date: 5-9-23

I, Plaintiff, Kenyatta White Jr, pro se hereby certify that a true and correct copy of the foregoing memorandum of Law has been filed and served upon this honorable court and counsel for defendants:

First class copy sen to be sent to:

Bailey Axe
assistant city soliciter

City of Philadelphia Law department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102.

Kenyatta whik #QP4257
SCI- Phoenix
1200 mokychic drive
Collegeville, PA 19426

PA DEPT CORR
PA DEPT CORR
INMATE MAIL

neopost
05/12/2023
US POSTAGE $002.46

FIRST-CLASS MAIL

ZIP 19428
041M12292211



United States district court
for the Eastern district of Pennsilvania
601 market street, Clerks office Rm: 2609
Philidalphia, PA 19106-9865

U.S.M.S.



RECEIVED
MAY 16 2023

(Legal mail)